NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: PIETRO PASQUALE ANTONIO SGROMO,**

*Petitioner*

---

2021-116

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in Nos. 4:15-cv-00701-JSW, Judge Jeffrey S. White, and 4:17-cv-00205-HSG, Judge Haywood S. Gilliam, Jr.

---

**ON PETITION AND MOTION**

---

PER CURIAM.

## O R D E R

Pietro Pasquale Antonio Sgromo petitions this court for a writ of mandamus directing the United States District Court for the Northern District of California to grant Mr. Sgromo relief in two separate cases. Mr. Sgromo also moves to proceed *in forma pauperis*.

The two cases referenced in the petition involved related disputes over royalty payments and compliance with license agreements. The first case, *Eureka Inventions, LLC v. Bestway (USA), Inc.*, No. 4:15-cv-00701-JSW, resulted in a settlement agreement in 2015. In March 2020, Mr. Sgromo moved to enforce the agreement, which was denied

on May 26, 2020. Mr. Sgromo did not timely appeal that ruling, though he appealed other district court rulings in that case to the United States Court of Appeals for the Ninth Circuit. He now asks this court to direct the trial court to "vacate [the] order denying the motion to enforce the Settlement Agreement [and] remand with instructions to enforce the Settlement Agreement." Pet. at 1.

In the second case, *Bestway (USA), Inc. v. Sgromo*, No. 4:17-cv-00205-HSG, the district court granted summary judgment against Mr. Sgromo's claim to royalties and awarded fees and costs against Mr. Sgromo. Mr. Sgromo appealed those decisions to the Ninth Circuit, which in December 2019 affirmed the judgment. Mr. Sgromo now asks this court to "vacate the district court's judgment, summary judgment order and" deny the fee request. Pet. at 1.

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In general, three conditions must be satisfied for a writ to issue: (1) the petitioner must demonstrate a clear and indisputable right to issuance of the writ; (2) the petitioner must have no other adequate method of attaining the desired relief; and (3) the court must be satisfied that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 380–81 (2004).

Issuing a writ of mandamus in either case would not be necessary or appropriate in aid of our jurisdiction because these contract-related disputes do not fall within this court's limited jurisdiction. *See* 28 U.S.C. § 1295. In fact, Mr. Sgromo has previously filed appeals in these cases to the Ninth Circuit, including the very orders in the *Bestway* case that he now wants this court to consider. We do not have authority to overturn the Ninth Circuit. Nor can Mr. Sgromo use a writ of mandamus to circumvent the fact that he failed to timely appeal the *Eureka* order.

Accordingly,

IN RE: SGROMO                                                                    3

IT IS ORDERED THAT:

(1)  The petition is dismissed.

(2)  The motion to proceed *in forma pauperis* is denied as moot.

FOR THE COURT

April 01, 2021          /s/ Peter R. Marksteiner
Date                    Peter R. Marksteiner
                        Clerk of Court

s31